UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
IK HEE YU,                                    )
                                              )
                        Plaintiff,            )
                                              )        **08 CIV. 1308 (AKH)(AJP)**
        -against-                             )
                                              )        **COMPLAINT**
                                              )
THE CITY OF NEW YORK; POLICE OFFICER          )        **JURY TRIAL DEMANDED**
VINCENT BAVARO, Shield No. 01633; JOHN        )
DOES; RICHARD ROES,                           )        **ECF CASE**
                                              )
                        Defendants.           )
-------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which plaintiff IK HEE YU seeks relief for the

defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section

1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments,

and by the laws and Constitution of the State of New York.  Plaintiff seeks damages, both

compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys'

fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including

its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.      Plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.     Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.     Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on February 7, 2007, within 90 days of the incident complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.     Plaintiff IK HEE YU is a citizen and resident of the United States, and at all times relevant herein was a resident of the State of New Jersey, County of Middlesex.

8.     Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department and a department of corrections, the employees for both of which act as its agents in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to

2

the maintenance of a police force and department of corrections, and the employment of police officers and corrections officers, as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.    Defendants VINCENT BAVARO and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants VINCENT BAVARO and JOHN DOES are sued individually.

10.    Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of police officers under their command.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the

performance of their lawful functions in the course of their duties.  Defendants RICHARD

ROES are sued individually.

## **STATEMENT OF FACTS**

11.     On November 11, 2006, Plaintiff IK HEE YU and his friends were out on the

town enjoying a friend's birthday celebration.

12.     A fight broke out outside of the lounge in midtown Manhattan at which the

friends had been celebrating.

13.     Plaintiff was not physically involved in the fight, and in fact had been trying to

prevent escalation of the fight.

14.     Some of Plaintiff's friends were arrested as well.

14.     Without any provocation or violation of the law on Plaintiff's part, he was

knocked to the ground with great force and arrested by a JOHN DOE Police Officer(s), on

information and belief including defendant BAVARO, without cause or justification.

15.     While in the police transport vehicle that took Plaintiff and some of his friends to

a Precinct stationhouse (on information and belief the 14th Precinct), Plaintiff's friends protested

their innocence to the police and told the police that the police were being racist.

16.     Plaintiff, crying, tried to explain that he had not done anything wrong.

17.     At the 14th Precinct stationhouse, while he was handcuffed behind his back,

Plaintiff was again slammed to the ground with great force by a JOHN DOE Police Officer(s),

on information and belief including defendant BAVARO, without cause or justification.

18.     An Emergency Medical Technician came to the 14th Precinct to attend to the

wounds that had been inflicted on Plaintiff by the police.  Plaintiff initially declined to be

brought to a hospital.

19.    Plaintiff was taken to the Central Booking facility at 100 Centre Street.

20.    While Plaintiff was at the Central Booking facility, he requested to be brought to a hospital.  That request was refused by JOHN DOE defendants.

21.    Plaintiff was arraigned and released after approximately 20 hours in the custody of the New York City Police Department.

22.    Plaintiff was charged with one count of Disorderly Conduct, New York State Penal Law § 240.20(1), and one count of Resisting Arrest, New York State Penal Law § 205.30. Defendant BAVARO was the complainant who swore to the false allegations made against Plaintiff on the Criminal Complaint.

23.    All charges against Plaintiff were dismissed in their entirety on February 5, 2006.

### FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

24.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

25.    By their conduct and actions in falsely arresting, abusing process against, maliciously prosecuting, assaulting and battering, violating rights to equal protection under law of, violating the substantive due process rights of, violating the right to a fair trial of, failing to provide proper medical care for, inflicting emotional distress upon, violating and retaliating for the exercise of rights to free speech of, failing to intercede on behalf of, and fabricating an account and/or evidence surrounding the November 11, 2006, incident regarding Plaintiff IK HEE YU, defendants VINCENT BAVARO and JOHN DOES, acting under color of law and

5

without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

26.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

27.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

28.     By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its First, Fourth and Fourteenth amendments.

29.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

## LIABILITY OF THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

30.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

31.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

32.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

33.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech in a manner that that insults or offends the law enforcement officer(s) at whom the speech is directed.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

34.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto

policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

35.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

36.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

37.    The conduct of defendants BAVARO, DOES and ROES alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, clothed with and/or invoking state power and/or authority, and, as a result, defendant THE CITY OF NEW YORK is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

38.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

39.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

40.    By the actions described above, defendants did inflict assault and battery upon Plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

41.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST and FALSE IMPRISONMENT

42.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

43.    By the actions described above, defendants caused to be falsely arrested or falsely arrested Plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

44.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

**ABUSE OF PROCESS**

45.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

46.    By the conduct and actions described above, defendants employed regularly issued process against Plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm Plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to Plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

47.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

**EIGHTH CLAIM**

**MALICIOUS PROSECUTION**

48.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

49.    By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

10

50.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

## VIOLATION OF AND RETALIATION FOR THE EXERCISE OF RIGHTS TO FREE SPEECH

51.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

52.     By the actions described above, defendants violated the free speech rights of Plaintiff and retaliated against Plaintiff for the exercise of his rights to free speech.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

53.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

## INTENTIONAL and NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

54.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

55.     By the actions described above, defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to plaintiff.

11

The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

56.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

57.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

58.    By the actions described above, defendants violated Plaintiff's right to equal protection of law.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

59.    As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered bodily injury, pain and suffering, mental suffering and humiliation, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

### NEGLIGENCE

60.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

61.    The defendants, jointly and severally, negligently caused injuries, emotional

12

distress and damage to Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

62. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

<u>**THIRTEENTH CLAIM**</u>

**NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING**

63. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

64. Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

65. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the defendants:

      a. Compensatory damages;

      b. Punitive damages;

      c. The convening and empanelling of a jury to consider the merits of the claims

13

herein;

        d.  Costs and interest and attorney's fees;

        e.  Such other and further relief as this court may deem appropriate and equitable.


Dated:      New York, New York
              February 8, 2008


                                      _____/S/_____
                                      JEFFREY A. ROTHMAN, Esq.
                                      (JR-0398)
                                      315 Broadway, Suite 200
                                      New York, New York 10007
                                      (212) 227-2980
                                      Attorney for Plaintiff

14