

**THE CITY OF NEW YORK**

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**HUGH A. ZUBER**
Assistant Corporation Counsel
phone: 212-442-0832
fax: 212-788-9776
email: hzuber@law.nyc.gov

March 27, 2008

BY FACSIMILE – (212) 805-7942
Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Yu et al. v. City of New York, et al.*, 08-CV-1308(AKH)(AJP)

Dear Judge Hellerstein:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of this action on behalf of defendant City of New York.[1] I am writing with the consent of plaintiff's counsel, Jeffrey Rothman, Esq., to request a thirty-day enlargement of time, from March 27, 2008 to April 27, 2008, within which this office may answer or otherwise respond to the complaint. This is the City's first request for an enlargement of time in this action.

In the complaint, the plaintiff alleges, *inter alia*, violations of his constitutional rights under the First, Fourth and Fourteenth Amendments, when he was allegedly falsely arrested by police officers and maliciously prosecuted on those criminal charges.

---

[1] This office does not currently represent Police Officer Vincent Bavaro, but, since it appears that he was properly served, this Office also respectfully requests this extension on his behalf in order that his defenses are not jeopardized while representational issues are being decided.

There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we will be forwarding to plaintiff for execution a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law § 160.50. Pursuant to § 160.50, all official records concerning the arrest of plaintiff has been sealed upon the termination of the criminal matter. Defendant cannot obtain these records without the designation, and without the records, defendant cannot properly assess this case or respond to the complaint.

Second, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent other individually named defendants. See *Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65(2d Cir. 1985) quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)(decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Accordingly, we respectfully request that: 1) defendants be granted a thirty day enlargement of time, from March 27, 2008 to April 27, 2008, to answer or otherwise respond to the complaint.

Thank you for your consideration of this matter.

Respectfully submitted,

Hugh A. Zuber (HZ 4935)
Assistant Corporation Counsel
Special Federal Litigation Division

2