UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

IK HEE YU,

                                Plaintiff,     **ANSWER**

        -against-     08 CV 1308 (AKH)(AJP)

THE CITY OF NEW YORK; POLICE OFFICER
VINCENT BAVARO, Shield No. 01633; JOHN     **JURY TRIAL DEMANDED**
DOES; RICHARD ROES,

                                                    **ECF CASE**

                              Defendants.
------------------------------------------------------------------X

       Defendants City of New York ("City") and Police Officer Vincent Bavaro, by their attorney, Michael A. Cardozo, Corporation Counsel for the City of New York, for their answer to the Complaint, respectfully allege as follows:

## PRELIMINARY STATEMENT

       1.     Deny the allegations contained in paragraph 1 of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

## JURISDICTION

       2.     Deny the allegations contained in paragraph 2 of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court.

       3.     Deny the allegations set forth in paragraph 3 of the Complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of this Court.

## JURY TRIAL DEMANDED

4. No response is required to plaintiff's jury demand as set forth in paragraph 4 of the Complaint.

## VENUE

5. Deny the allegations contained in paragraph 5 of the Complaint, except admit that plaintiff purports to lay venue in this District.

## NOTICE OF CLAIM

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on February 7, 2007, and that those claims have not been settled.

## PARTIES

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Defendants deny the allegations set forth in Paragraph 8 of the Complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and respectfully refer the Court to the appropriate enabling statute and the related laws of the State and City of New York for their content and meaning as to its responsibilities.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, except admit that on November 11, 2006, defendant Bavaro was employed by the City of New York as police officer.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

## STATEMENT OF FACTS

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. Deny the knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Deny the allegations set forth in paragraph 14 of the Complaint.[1]

16. Deny the allegations set forth in paragraph 15 of the Complaint.

17. Deny the allegations set forth in paragraph 16 of the Complaint.

18. Deny the allegations set forth in paragraph 17 of the Complaint.

19. Deny the allegations set forth in paragraph 18 of the Complaint.

20. Deny the allegations set forth in paragraph 19 of the Complaint.

21. Deny the allegations set forth in paragraph 20 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

23. Deny the allegations set forth in paragraph 22 of the Complaint.

---

[1] Plaintiff incorrectly numbers paragraph 14 twice.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

25. Defendants repeat and reallege their responses to paragraphs 1-23 of the Complaint as if fully set forth herein.

26. Deny the allegations set forth in paragraph 25 of the Complaint.

27. Deny the allegations set forth in paragraph 26 of the Complaint.

## SECOND CLAIM

### SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

28. Defendants repeat and reallege their responses to paragraphs 1-26 of the Complaint as if fully set forth herein.

29. Deny the allegations set forth in paragraph 28 of the Complaint.

30. Deny the allegations set forth in paragraph 29 of the Complaint.

## THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

31. Defendants repeat and reallege their responses to paragraphs 1-29 of the Complaint as if fully set forth herein.

32. Deny the allegations set forth in paragraph 31 of the Complaint.

33. Deny the allegations set forth in paragraph 32 of the Complaint.

34. Deny the allegations set forth in paragraph 33 of the Complaint.

35. Deny the allegations set forth in paragraph 34 of the Complaint.

  36. Deny the allegations set forth in paragraph 35 of the Complaint.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

  37. Defendants repeat and reallege their responses to paragraphs 1-35 of the Complaint as if fully set forth herein.

  38. Deny the allegations set forth in paragraph 37 of the Complaint.

  39. Deny the allegations set forth in paragraph 38 of the Complaint.

## FIFTH CLAIM

### ASSAULT AND BATTERY

  40. Defendants repeat and reallege their responses to paragraphs 1-38 of the Complaint as if fully set forth herein.

  41. Deny the allegations set forth in paragraph 40 of the Complaint.

  42. Deny the allegations set forth in paragraph 41 of the Complaint.

## SIXTH CLAIM

### FALSE ARREST and FALSE IMPRISONMENT

  43. Defendants repeat and reallege their responses to paragraphs 1-41 of the Complaint as if fully set forth herein.

  44. Deny the allegations set forth in paragraph 43 of the Complaint.

  45. Deny the allegations set forth in paragraph 44 of the Complaint.

## SEVENTH CLAIM

## ABUSE OF PROCESS

46. Defendants repeat and reallege their responses to paragraphs 1-44 of the Complaint as if fully set forth herein.

47. Deny the allegations set forth in paragraph 46 of the Complaint.

48. Deny the allegations set forth in paragraph 47 of the Complaint.

## EIGHTH CLAIM

## MALICIOUS PROSECUTION

49. Defendants repeat and reallege their responses to paragraphs 1-47 of the Complaint as if fully set forth herein.

50. Deny the allegations set forth in paragraph 49 of the Complaint.

51. Deny the allegations set forth in paragraph 50 of the Complaint.

## NINTH CLAIM

## VIOLATION OF AND RETALIATION FOR THE EXERCISE OF RIGHTS TO FREE SPEECH

52. Defendants repeat and reallege their responses to paragraphs 1-50 of the Complaint as if fully set forth herein.

53. Deny the allegations set forth in paragraph 52 of the Complaint.

54. Deny the allegations set forth in paragraph 53 of the Complaint.

## TENTH CLAIM

## INTENTIONAL and NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

55. Defendants repeat and reallege their responses to paragraphs 1-53 of the Complaint as if fully set forth herein.

56. Deny the allegations set forth in paragraph 55 of the Complaint.

57. Deny the allegations set forth in paragraph 56 of the Complaint.

## ELEVENTH CLAIM

## VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

58. Defendants repeat and reallege their responses to paragraphs 1-56 of the Complaint as if fully set forth herein.

59. Deny the allegations set forth in paragraph 58 of the Complaint.

60. Deny the allegations set forth in paragraph 59 of the Complaint.

## TWELFTH CLAIM

### NEGLIGENCE

61. Defendants repeat and reallege their responses to paragraphs 1-59 of the Complaint as if fully set forth herein.

62. Deny the allegations set forth in paragraph 61 of the Complaint.

63. Deny the allegations set forth in paragraph 62 of the Complaint.

## THIRTEENTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

64. Defendants repeat and reallege their responses to paragraphs 1-62 of the Complaint as if fully set forth herein.

65. Deny the allegations set forth in paragraph 64 of the Complaint.

66. Deny the allegations set forth in paragraph 65 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

103. The Complaint fails in whole or in part to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

104. There was probable cause plaintiff's arrest, detention, and/or prosecution.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

105. Any and all injuries alleged in the Complaint were caused, in whole or in part, by the culpable, negligent, or intervening conduct of plaintiff and/or third parties, and were not the proximate result of any act of defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

107. The individual defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, are entitled to qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

108. Punitive damages are not recoverable against the City of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

110. Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

111. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

112. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

113. To the extent defendants used any force it was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

WHEREFORE, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 27, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 3-220
New York, New York 10007
(212) 442-0832

By: /s/ Hugh A. Zuber
Hugh A. Zuber (HZ 4935)
Assistant Corporation Counsel

TO:   Jeffrey A. Rothman, Esq.
      575 Madison Avenue
      New York, New York 10022
      Attorney for Plaintiff

Case 1:08-cv-01308-AKH    Document 6    Filed 04/28/2008    Page 10 of 10

10